UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SECURIAN LIFE INSURANCE COMPANY,

                Plaintiff,

      v.                                      Case No. 24-CV-1642

JORDAN D. PETERS, and
J.G., a minor,

                Defendants.

# ORDER

Before the court are the following matters:

- Plaintiff Securian Life Insurance Company's Motion to Deposit Funds (ECF No. 4);

- Securian's Motion for Interpleader Discharge (ECF No. 14);

- Defendant J.G.'s Motion for Default Judgment (ECF No. 21);

- J.G.'s Petition for Court Approval of Proposed Funds Distribution (ECF No. 24).

## 1. BACKGROUND

Angela S. Zahn died on September 4, 2023. At the time of her death, she had a life insurance policy with Securian. Her adult son, Jordan D. Peters, was the primary beneficiary of that policy. Zahn's minor son, J.G., was the contingent beneficiary.

In October 2024, a Wisconsin state court jury found that Peters killed Zahn, but he was not guilty by reason of mental disease or defect. (ECF No. 1, ¶ 10.)

Securian initiated this action because, although federal common law and Wisconsin's slayer statute, Wis. Stat. § 854.14, prohibit a beneficiary who intentionally kills the insured from recovering proceeds the question exists of whether a person who is found not guilty by reason of insanity can recover. If Peters is disqualified, the benefits pass to J.G.

**2. PROCEDURAL HISTORY**

Securian filed the complaint for interpleader on December 20, 2024. (ECF No. 1.) That same day, Securian moved to deposit the Plan Benefits into the court's registry. (ECF No. 4, ¶¶ 1–5.) Securian served J.G. on April 1, 2025, by serving his father (ECF No. 9, at 2); *see also* Fed. R. Civ. P. 4(g); Wis. Stat. § 801.11(2)(a), and Peters was personally served on April 14, 2025, at the Mendota Mental Health Institute where he is in custody (ECF No. 15-1). Securian then moved for interpleader discharge. (ECF No. 14.)

J.G. answered Securian's complaint and in doing so filed a counterclaim against Securian and a crossclaim against Peters seeking declaratory judgment. (ECF No. 11.) Peters was personally served with J.G.'s crossclaim on May 30, 2025. (ECF No. 16.) Securian answered J.G.'s counterclaim on May 27, 2025. (ECF No. 13.)

On June 5, 2025, J.G. filed a letter stating no objection to Securian's motions to deposit and discharge. (ECF No. 17.)

Peters has failed to respond to Securian's interpleader complaint or J.G.'s crossclaim. On June 23, 2025, J.G. moved for the entry of default against Peters under Rule 55(a). (ECF Nos. 19, 19-1, 20.) The Clerk entered default on June 24, 2025. J.G. then filed the instant motion for default judgment. (ECF Nos. 21.) Peters has again failed to respond.

3. **MOTION FOR INTERPLEADER**

"Interpleader is an equitable procedure used when the stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008).

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

28 U.S.C. § 2361.

Securian moves for an order permitting it to tender to the Clerk of Court $108,000, discharging Securian from further liability, and enjoining the defendants or anyone claiming by or through them from instituting any action against Securian, its parents, affiliates, or subsidiaries, for recovery of the Plan Benefits, pursuant to Rules 22 and 67, Fed. R. Civ. P. 22, and 28 U.S.C. §2361. (ECF No. 4, ¶¶ 1–5; ECF No. 14, at 1.) Securian has a basis for its concern that it faces exposure to double liability for potential claims by both Peters and J.G. for the Plan Benefits. (*See* ECF No. 1, ¶¶ 10–16; ECF No. 4, ¶¶ 3–4.) Noting no objection, the court **GRANTS** as

3
Case 1:24-cv-01642-BBC    Filed 08/15/25    Page 3 of 7    Document 27

unopposed Securian Life Insurance Company's Motion to Deposit Funds (ECF No. 4), Motion for Interpleader Discharge (ECF No. 14).

Securian is directed to pay into the Clerk of the Court's interest-bearing registry account $108,000 in life insurance benefits, plus any applicable interest already accrued, payable by reason of the death by homicide of Angela S. Zahn under her employee welfare benefit plan insured by group policy No. 70205, issued by Securian to U.S. Bancorp.

Securian and all its parents, subsidiaries, and affiliates are discharged from any further liability with respect to the $108,000 in Plan Benefits payable due to the death of Zahn under Group Policy No. 70205, and from any further liability to Jordan D. Peters, and J.G., or any other person or entity under the Group Policy with respect to the Plan Benefits, including any interest or claims related thereto, or the coverage of the Insured; The Interpleader Claimants and anyone claiming by or through them are restrained and enjoined from instituting any action or proceeding in any state or federal court against Securian, all its parents, subsidiaries, and affiliates, for recovery of the Plan Benefits, including any interest or claims related thereto, and any other claims related to the Insured's coverage under the Group Policy.

J.G.'s counterclaim for declaratory judgment as to Securian is dismissed as moot. Securian is dismissed with prejudice from this action.

## 4. **MOTION FOR DEFAULT JUDGMENT**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. "There are two stages in a default proceeding: the establishment of the

default, and the actual entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Once the Clerk of Court enters default against the defendant, Rule 55(b)(2), Fed. R. Civ. P., provides for the entry of judgment by the court. Where "the Clerk of Court has entered default against the defendant, the Court must accept all well-pleaded facts relating to liability as true." *J & J Sports Prods. Inc. v. ARH Enters. LLC*, No. 13-CV-1383-JPS, 2014 WL 4656118, at *1 (E.D. Wis. Sept. 16, 2014); *accord Monette v. Cont'l Fin. Co., LLC*, No. 17-CV-1412-PP, 2018 WL 388849, at *2 (E.D. Wis. Jan. 11, 2018). The plaintiff must still prove its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure "unless 'the amount claimed liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *Id.* (quoting *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)).

J.G. has demonstrated that Peters was properly served. Although Peters is incarcerated after having been found not guilty by reason of mental disease or defect of having killed his mother, these circumstances do not, by themselves, give rise to a question of Peters's competency in this matter. To the contrary, Peters could not have been adjudicated not guilty by reason of mental disease or defect unless he was competent for purposes of trial. *See Powers v. Noble*, 132 F.4th 996, 1001 (7th Cir. 2025) ("An accused can insist he lacked mental responsibility when committing a crime, yet at trial understand the proceedings and assist his lawyer. Indeed, asserting the lack of mental responsibility defense presupposes competency." (citing *Medina v. California*, 505 U.S. 437, 449 (1992)). As to the specific question of competency

5

regarding this action, J.G. alleges, "[u]pon information and belief, Peters has never been adjudged to be and is not an incompetent person." (ECF No. 11 at 5, ¶ 4.) Counsel for both Securian and J.G. confirmed at a June 10, 2025, status conference that neither was aware of Peters ever having been adjudicated incompetent or having a guardian appointed for him. Thus, there is no information before the court that provides a reason to doubt Peters's competency.

Peters was properly served with both the complaint and crossclaim. He has failed to timely answer. The court has no reason to believe that he is incompetent. Therefore, default judgment is warranted. No additional evidence or hearing is required because the amount due is "capable of ascertainment from definite figures contained in the documentary evidence." *e360 Insight*, 500 F.3d at 602.

Accordingly, insofar as it is not mooted by the court's conclusion as to Securian's interpleader complaint, J.G.'s crossclaim for declaratory judgment as to Peters is granted. J.G. is entitled to all amounts payable under the policy. Peters is not entitled to any amounts payable under the policy.

## 5. Petition for Court Approval of Proposed Funds Distribution

Consistent with J.G.'s proposal, the court orders the funds deposited with the court, along with any accrued interest, distributed to the law firm of Mayer Graff & Wallace LLP to be held in trust and distributed as follows:

- $36,000 to the law firm of Mayer Graff & Wallace LLP as attorney fees for its representation of J.G. in this matter.

- $119.84 in costs to the law firm of Mayer Graff & Wallace LLP for costs it incurred in representation of J.G. in this matter.

- The balance, $71,880.16 plus any accrued interest, to J.G., payable to "[J.G.] under the UTMA."

    o Scott Gilliam, as custodian, shall deposit the funds in J.G.'s Fidelity custodial account ending 2099.

    o Scott Gilliam shall manage the assets in accordance with the Wisconsin Uniform Transfer to Minors Act.

    o Upon J.G. reaching 21 years of age, Scott Gilliam shall transfer the balance of the funds to J.G.

The Clerk shall enter judgment accordingly.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 15th day of August, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge